# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Case No. 1:17-CV-_____

PAUL PFEIFER,

Plaintiff,

v.

AN/CF ACQUISITION CORP. , d/b/a AutoNation Ford Littleton,
ROBERT MCMANN, an individual, and
GARY GASSER, an individual,

Defendants.

---

## COMPLAINT

---

## INTRODUCTION

1. Paul Pfeifer ("Plaintiff") worked in sales for Defendants' car dealership for approximately one and a half years. During this time, Defendants failed to pay Plaintiff all his due and earned wages and commissions.

2. Instead, Defendants utilized a complicated shell game in which they provided Plaintiff with pay on a visa debit card ("spiff pay"), then gave him an ADP paycheck showing: some amount of wages earned, deducting his spiff pay, and taxing him - yielding a gross of $0 to Plaintiff. Then, Defendants would take back the spiff pay. All of this resulted in not only no pay to Plaintiff but, in fact, a deficit. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants **AN/CF Acquisition Corp.** d/b/a AutoNation Ford Littleton**, Robert McMann and Gary Gasser**, to recover unpaid or underpaid wages and other damages under the provisions of the Fair

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Labor Standards Act ("FLSA") and Colorado Wage Claim Act, C.R.S. §8-6-101, *et seq.* ("CWA").

## PARTIES

### Defendant AutoNation Ford Littleton

3.  Defendant **AN/CF Acquisition Corp.** d/b/a AutoNation Ford Littleton (hereinafter "AutoNation") is a Delaware corporation doing business in Colorado within the County of Arapahoe, and whose principal place of business is located at 8252 S. Broadway, Littleton, CO 80122. The principal place of business of AN/CF Acquisition Corp. is listed with the Colorado Department of State as 200 SW 1st Ave, Fort Lauderdale, FL 33301. Its registered agent is listed with the Colorado Department of State as Corporation Service Company with an address of 1560 Broadway Ste 2090, Denver, CO 80202, United States.

4.  At all times material to this action, Defendant AutoNation was an "employer" of the Plaintiff, as defined by the FLSA and CWA.

### Individual Defendants

5.  Defendant **Robert McMann** (hereinafter "McMann"), an individual, resides at Douglas County, upon information and belief.

6.  At all times material to this action, Defendant McMann actively participated in the business of the corporation.

7.  At all times material to this action, Defendant McMann exercised substantial control over the functions of the company's employees including Plaintiff.

8.  For example, Defendant McMann set Plaintiff's rate of pay, was responsible for processing Plaintiff's payroll, and was responsible for the "spiff pay" scheme.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639

9.  At all times material to this action, Defendant McMann was an "employer" of the Plaintiff, as defined by the FLSA and CWA.

10. Defendant **Gary Gasser** (hereinafter "Gasser"), an individual, resides at Douglas County, upon information and belief.

11. At all times material to this action, Defendant Gasser actively participated in the business of the corporation.

12. At all times material to this action, Defendant Gasser exercised substantial control over the functions of the company's employees including Plaintiff.

13. For example, in conjunction with Defendant McMann, Defendant Gasser set Plaintiff's rate of pay, was responsible for processing Plaintiff's payroll, and was responsible for the "spiff pay" scheme.

14. At all times material to this action, Defendant Gasser was an "employer" of the Plaintiff, as defined by the FLSA and CWA.

**Plaintiff Paul Pfeifer**

15. Plaintiff Pfeifer is a resident of Highlands Ranch, Colorado, which is in Douglas County.

16. At all times material to this action, Plaintiff Pfeifer was Defendants' "employee" within the meaning of the FLSA and CWA.

## FACTUAL BACKGROUND

17. Plaintiff Pfeifer worked for Defendants from September 2014 to December 2015.

18. For the first approximately eight months of his employment, Plaintiff Pfeifer was an internet sales manager. While serving in that role, he earned a certain percentage of gross profit of each car sold. For this time period, Defendants underpaid him by approximately $8,000.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212 961 7639

19. Beginning in approximately June 2015, Defendants promoted him to the position of sales manager. In that role, Defendants agreed to pay him commissions of 1% of variable gross income for the Littleton location.

20. As sales manager for the entire Littleton location, Plaintiff was intimately familiar with the dealership's sales. On average, the location's variable gross income was approximately $1 million per month. As such, Plaintiff should have been paid about $10,000 per month. However, for the approximately five months he worked in this position, Defendants through a shell game described below, essentially did not pay him at all.

21. Defendants paid him sporadic small amounts they called "spiff pay." These amounts came nowhere near what Plaintiff earned and was supposed to be paid. Then, Defendants would cause an ADP payroll check to be generated, tax Plaintiff on the amounts listed, and deduct the spiff payments. Lastly, Defendants would take back the spiff pay.

22. Defendants shell game not only resulted in Plaintiff receiving zero pay, but also incurring a tax liability as if he was properly paid. Thus, Plaintiff's net was negative.

23. For this time period Plaintiff estimates his unpaid wages to be approximately $50,000 ($10,000 per month for five months).

24. In addition to the above, upon his separation, Defendants failed to pay him approximately a week of earned and accrued vacation time, as well as approximately 50 hours of earned and accrued personal time.

25. As a result of this compensation scheme, Plaintiff was not paid the minimum wage for all hours worked.

26. Plaintiff did not have a set schedule. Plaintiff worked between 4 and 6 days a week for between 7 and 13 hours a day. Plaintiff logged his hours in Defendants' time tracking

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639

system.  Plaintiff regularly worked more than 40 hours per week.  As an example, during the week of November 1 to 7, 2015, Plaintiff worked five days for a total of 54.75 hours. Plaintiff was not paid any wages for this work.

27. Plaintiff was not paid the relevant minimum wage for all hours worked.

28. Plaintiff was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

29. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Time Overtime*

30. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Failure To Pay Minimum Wage*

31. Defendants failed to pay Plaintiff the minimum wage for all hours worked, in violation of the FLSA.

*Late Payments*

32. Throughout his employment, Plaintiff did not receive his paychecks on his prescribed paydays, if at all.

33. Because the Defendants failed to pay wages or overtime on the regular payment date, Plaintiff is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639

(11th Cir. 2008).

***Record-Keeping Failures***

34. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

***Willful & Not Based On Good Faith & Entitlement to Damages***

35. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

36. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

37. As a result of the violations by Defendants of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
#### COLORADO WAGE ACT VIOLATIONS

38. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

39. The Defendants were Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).  Specifically, Defendants employed the Plaintiff in a business or enterprise that sells or offers for sale a service, commodity, article, good real estate, wares or merchandise to the consuming public, and generates 50% or more of its annual dollar volume of business from such sales, and therefore in an industry regulated by the Wage

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212 961 7639

Order. 7 C.C.R. §1103-1(2)(A).

40. The Plaintiff was Defendants' "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### Failure to Pay Minimum Wage
**(Violation of the C.R.S. § 8-6-101 *et seq*.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

41. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

42. Specifically, Defendants paid Plaintiff at the effective rate of $0 for part of his employment.

43. The minimum wage rate effective January 1, 2016 is $8.31 per hour.

44. The minimum wage rate effective January 1, 2015 was $8.23 per hour.

45. The minimum wage rate effective January 1, 2014 was $8.00 per hour.

### Failure to Pay Weekly Overtime Premiums
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

46. Plaintiff worked more than 12 hours at least some days.

47. Plaintiff worked more than 40 hours at least some workweeks.

48. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek or 12 hours in any given day.

49. Defendants did not pay the Plaintiff overtime premiums for hours worked over 12 hours in the workday.

50. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined.

51. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

52. Defendants violated the CWA as implemented by the Wage Order, when they failed to pay

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212 961 7639

the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

53. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### Failure to Pay Wages
**(Violation of the C.R.S. § 8-6-101 *et seq*.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

54. The Defendants failed to pay Plaintiff approximately $8,000 for his work as an internet sales manager and another approximately $50,000 for his work as the sales manager.

### Improper Deductions
**(Violation of the C.R.S. § 8-4-105)**

55. The Defendants made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9)

56. Specifically, Defendants' shell game scheme of paying Plaintiff spiff pay, deducting the same from his "paychecks," and then retracting the spiff pay resulted in unauthorized deductions to Plaintiff's wages.

### Failure to Pay Wages Via Negotiable Instrument
**(Violation of the CMWWA, C.R.S. §§ 8-4-102)**

57. Defendants failed to pay Plaintiff via an instrument negotiable and payable upon demand without discount.

58. Specifically, Defendants use of the spiff pay and retraction of the same, along with their payment of zero wages to Plaintiff, resulted in their failure to pay via a negotiable instrument.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639

### *Willful Failure to Respond to Wage Demand*
**(Violation of the Colorado Wage Claim Act, C.R.S. §§ 8-4-109, -110)**

59. After his separation, Plaintiff sent Defendant a wage demand letter pursuant to C.R.S. § 8-4-109.

60. In that Colorado Wage Demand letter, Plaintiff demanded $58,000 in unpaid wages.

61. Defendants did not respond to Plaintiff's demand at all.

62. More than 14 days have passed since Defendants received Plaintiff's wage demand letter and no wages have been tendered.

63. Therefore, the Defendants are liable to Plaintiff for an additional 125% of the first $7500 demanded ($9375) plus 50% of the amount over $7500 ($25,250) for a subtotal of $34,625 in wage demand penalties.

64. Further, Defendants' failure to pay was willful.  Defendants' conduct includes entirely failing to: respond to the demand letter, contact Plaintiff or Plaintiffs' counsel, or pay all or some of the unpaid wages. Therefore, the penalty shall increase by an additional 50%, or $17,312.50, bringing the total of wage demand penalties to $51,937.50.

### *Denial of Mandatory Rest Periods*
**(Violation of the CMWWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1)**

65. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. Wage Order 7 C.C.R. 1103-1(7).

66. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiff performed. Wage Order 7 C.C.R. 1103-1(8).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639

**_Late Payments_**
**(Violation of the CMWWA, C.R.S. §§ 8-4-103)**

67. Defendants did not pay Plaintiff all wages and compensation on regular pay periods of no more than the greater of one calendar month or thirty days, with paydays no later than 10 days after the close of the pay period, and the Plaintiff and Defendants did not mutually agree on any other alternative period of wage or salary payments.

**_Record-Keeping Failures; Failure to Provide Pay Stubs_**
**(Violation of the CMWWA, C.R.S. §§ 8-6-101, _et seq_., Wage Order 7 C.C.R. 1103-1(12))**

68. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

   a.  name, address, social security number, occupation and date of hire

   b.  date of birth, if the employee is under eighteen (18) years of age

   c.  daily record of all hours worked

   d.  record of allowable credits and declared tips

   e.  regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

69. Defendants failed to provide an accurate paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order 7 C.C.R. 1103-1(12)).

**_Damages_**

70. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages he is owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212 961 7639

**As And For A Third Cause of Action:**
**BREACH OF CONTRACT/UNJUST ENRICHMENT**

71. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

72. Plaintiff and Defendants had an implied employment contract insofar as the employment relationship is inherently contractual in nature.

73. Plaintiff agreed to perform certain functions for Defendants, in exchange for certain compensation.

74. Specifically, Defendants agreed to pay Plaintiff a certain percentage of sales, depending on his position within Defendants' organization at various times.

75. By failing to pay Plaintiff these amounts Defendants breached their contract of employment with Plaintiff.

76. In the alternative, were a contract not found to exist, Defendants have been unjustly enriched by withholding monies that rightfully belong to Plaintiff.

77. Defendants are liable to Plaintiff in the amount of compensation unlawfully withheld from to him, and other appropriate damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)   Award Plaintiff unpaid and underpaid wages due under the Colorado Wage Laws;

(B)   Award Plaintiff penalties pursuant to Colorado Wage Act, C.R.S. §§ 8-4-109, -110

(C)   Award Plaintiff unpaid and underpaid wages due under the FLSA;

(D)   Award Plaintiff liquidated damages pursuant to the FLSA;

(E)   Award Plaintiff interest;

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639

(F)     Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G)     Award such other and further relief as this Court deems necessary and proper.

Respectfully submitted, this **21st** day of **July,  2017.**

ANDERSONDODSON, P.C.

s/ *Penn Dodson*
_____
**Penn A. Dodson**
11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
(646) 998-8051 fax
*penn@andersondodson.com*

Attorneys for Plaintiff

ANDERSONDODSON, P.C.

s/ *Alexander Gastman*
_____
**Alexander L. Gastman**
11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
(646) 998-8051 fax
*alex@andersondodson.com*

Attorneys for Plaintiff

11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax

*Pfeifer v. AN/CF Acquisition Corp.*
USDC, District of Colorado

Complaint
Page 12

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639